*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HILL/KEARNEY/WATSON, Minors.

UNPUBLISHED
September 14, 2023

No. 363920
Wayne Circuit Court
Family Division
LC No. 2016-521897-NA

Before: REDFORD, P.J., and O'BRIEN and FEENEY, JJ.

FEENEY, J. *(concurring)*

While I agree with the reasoning set forth in the opinion, I write separately to address the issue of providing reasonable efforts in cases where parents should receive the benefits of *In re Hicks/Brown*[1] treatment.

The Michigan Department of Health and Human Services' *Children's Foster Care Manual*, FOM 722-06F (2016), requires that "where a parent is suffering from a disability, the Department recognizes as a matter of policy and federal law that it must 'make all programs and services available and fully accessible to persons with disabilities.' . . . [I]n a case with a disabled parent, the Department's obligation to make reasonable accommodations for the disabled parent will be a part of the statutory duty to make 'reasonable efforts' unless one of the enumerated exceptions apply." *In re Hicks/Brown*, 500 Mich at 86-87. Parent Brown in the *Hicks/Brown* case had a functional assessment indicating "a moderate to severe cognitive performance issue with impaired judgment; her psychological assessment revealed an IQ of 70 "within the borderline of intellectual functioning." *Id.* at 87 n 5.

In the current case, respondent's psychological evaluation diagnosed her with anxiety disorder, adjustment disorder with depressed mood, and borderline intellectual functioning as well as unspecified neurodevelopmental disorder; her full-scale IQ was 74, which is the 4th percentile and the borderline range of intellectual functioning. The psychological evaluation recommended a parent advocate or responsible legal guardian, supportive services to assist in household management including budgeting, individual counseling to deal with cognitive behavioral and

---

[1] *In re Hicks/Brown*, 500 Mich 79, 86-87; 893 NW2d 637 (2017).

stress management, and parenting classes requiring "multiple exposures to new material and extra practice sessions as well [as] modelling [sic] of the specific behaviors" due to her learning issues. *See In re Sanborn*, 337 Mich App 252, 264-265; 976 NW2d 44 (2021). While respondent received services for an extended period of time (i.e., approximately 5 years), DHHS had an ongoing obligation to accommodate respondent's intellectual challenges by continuing to take action, which could include drafting a simplified parent-agency agreement or a bullet-point listing of their barriers and how a specific referral can address that barrier. DHHS can also implement "to do lists" that are understandable and frequently reviewed, send text and email reminders to attend appointments, provide picture instructions for washing dishes or cleaning the house, take parents to appointments, having parents make calls to service or housing providers from the case manager's office, draft weekly activity calendars complete with phone numbers and addresses, and schedule frequent meetings with respondent parents. While these efforts may seem more active than reasonable, respondents with borderline intellectual challenges need more than a verbal instruction or request to attend counseling, for example, with no follow up. DHHS can also provide connections to local agencies that assist parents with cognitive challenges to overcome reunification obstacles so they can obtain employment training and transportation services. Given that the children were placed with their fathers, providing respondent with additional reunification services geared toward accommodating her disabilities should not jeopardize their permanence or stability. *See In re Olive Metts*, 297 Mich App 35, 43-44; 823 NW2d 144 (2012).


/s/ Kathleen A. Feeney